UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNATHON DAVID LAWS** | **CIVIL ACTION NO. 3:11-cv-1743** |
|     **LA. DOC #537891** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CHARLES RAY JOHNSON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Johnathon David Laws, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 26, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). When he filed this complaint he was incarcerated at the West Baton Rouge Detention Center, Port Allen, Louisiana; he was subsequently transferred to the Elayn Hunt Correctional Center, St. Gabriel. He complains that he was the victim of excessive force and threats at the hands of corrections officers while he was incarcerated at the Franklin Parish Detention Center (FPDC). He sued Sgt. Charles Ray Johnson, Warden Chad Lee, Asst. Warden Emfinger, Sgt. Fusel and Sgt. Griffen. He prayed for his transfer to another facility and for medical attention. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On September 4, 2011, while plaintiff was incarcerated at FPDC, he was assaulted, beaten, and choked by Sgt. Johnson while corrections officers Fusel, Griffen, Parker, and others surrounded

them. Following the assault Johnson issued a disciplinary write up but plaintiff refused to sign it. According to plaintiff, on August 31, 2011, prior to the incident described above, plaintiff complained to Warden Emfinger that Johnson and Griffen harassed, threatened and physically assaulted him. He further complained to Emfinger that his grievances and requests directed to prison and LDOC administrators were intercepted and thus never delivered. He also complained to Emfinger that on some unspecified date Johnson made him strip and then choked and punched plaintiff repeatedly when plaintiff failed to provide information about smuggling contraband into the prison.

Plaintiff also included a copy of the undated hand-written emergency grievance he submitted to Warden Lee.

Plaintiff signed his original complaint on September 6, 2011. He prayed "... to be shipped immediately and I also need medical attention A.S.A.P. that F.P.D.C. is not providing." The pleading was mailed on September 22, 2011, from the West Baton Rouge Detention Center; it was received and filed on September 26, 2011.

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A and 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint set forth his claim and the basis for his cause of action. Further amendment is unnecessary.

**2. Mootness**

Plaintiff prayed only for prospective injunctive relief – his transfer to another facility and an

order directing the defendants to provide appropriate medical care. Plaintiff, however, was transferred from FPDC first to the West Baton Rouge Parish Detention Center and thereafter to Elayn Hunt Corrections Center, his present place of incarceration. He has thus already obtained the relief he sought in this complaint.

Further, with regard to his desire to obtain medical care, the defendants no longer exercise authority over him. The transfer of a prisoner out of an allegedly offending institution generally render his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot).

Plaintiff prays only for prospective injunctive relief; however, since plaintiff is no longer incarcerated at the FPDC, and since he is no longer under the authority of the defendants, his claims for injunctive relief are moot and subject to dismissal for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 12, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5