UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNATHON DAVID LAWS** <br> **LA. DOC #537891** | **CIVIL ACTION NO. 3:11-cv-1743** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CHARLES RAY JOHNSON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### RULING

*Pro se* Plaintiff Johnathon David Laws, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 26, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). When he filed this complaint he was incarcerated at the West Baton Rouge Detention Center, Port Allen, Louisiana; he was subsequently transferred to the Elayn Hunt Correctional Center, St. Gabriel. He complains that he was the victim of excessive force and threats at the hands of corrections officers while he was incarcerated at the Franklin Parish Detention Center ("FPDC"). He sued Sgt. Charles Ray Johnson, Warden Chad Lee, Asst. Warden Emfinger, Sgt. Fusel and Sgt. Griffen, but sought only injunctive relief. He prayed for his transfer to another facility and for medical attention to be provided by FPDC.

On January 12, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7], recommending that Plaintiff's case be dismissed with prejudice for failing to state a claim upon which relief may be granted. Since Plaintiff sought only injunctive relief against FPDC Defendants and he was no longer incarcerated at FPDC, Magistrate Judge Hayes recommended

dismissal of his Complaint for failing to state a claim upon which relief may be granted. A copy of Magistrate Judge Hayes' Report and Recommendation was sent to Plaintiff at Elayn Hunt Correctional Center, his last known place of confinement.

On January 23, 2012, however, the copy of the Report and Recommendation sent to Plaintiff was returned to the Clerk of Court with a notation on the envelope: "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD." [Doc. No. 8].

Local Rule 41.3W, in pertinent part, provides:

> The failure of an attorney or *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

In the present case, the Magistrate Judge's Report and Recommendation was returned to the Clerk of Court as undeliverable on January 23, 2012. Plaintiff failed to advise the Court of his new address by February 22, 2012. The 30-day period within which plaintiff was required to notify the Court of his new address has expired. Accordingly, the Court finds that plaintiff has failed to prosecute his case. The return of the Report and Recommendation also indicates that Plaintiff was again transferred, one of the types of relief he requested in this matter, and there is no indication that he has been transferred back to FPDC.

Therefore, for the reasons stated by Magistrate Judge in her Report and Recommendation, which is ADOPTED by the Court, and for the additional reason that Plaintiff has failed to update his address, the Court finds that dismissal of Plaintiff's Complaint is appropriate. Although the Court would normally dismiss Plaintiff's Complaint without prejudice for failure to update his address, the Court agrees with Magistrate Judge Hayes that Plaintiff's Complaint, on its face, fails to state a claim

upon which relief can be granted. Therefore, the Court will dismiss Plaintiff's Complaint with prejudice since his claims for injunctive relief against Defendants are moot.

MONROE, LOUISIANA, this 28th day of February, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE